UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LAWRENCE FRANK LANDOR | CIVIL ACTION |
| VERSUS | NOS. 08-4647, 08-4648, 08-4662, 08-4663, 08-4664, 08-4690, 08-4691, 08-4692 |
| SHERIFF JACK STRAIN ET AL. | SECTION "B" (2) |

# REPORT AND RECOMMENDATION

At the time of filing the above-referenced complaints, plaintiff, Lawrence Frank Landor, was a prisoner incarcerated in the St. Tammany Parish Jail in Covington, Louisiana.[1] He filed all eight (8) of the above-referenced civil actions pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against St. Tammany Parish Sheriff Jack Strain. In seven of the cases, all except C.A. No. 08-4664, a different individually identified St. Tammany Parish Sheriff's Deputy is also named as a defendant. In the eighth case, C.A. No. 08-4664, plaintiff names Sheriff Jack Strain and a confidential informant named Kevin Keys as the only defendants. In every case, plaintiff's only

---

[1] Plaintiff advised the court on November 7, 2008 that he had been transferred to the Ferriday Corrections Center in Ferriday, Louisiana.

allegation is that the deputy or informant "was a definitive participant in the fabrication of a criminal accusation that did not exist" and that "[t]he accusation or false story led to a conviction in a criminal court of law, which is a direct violation of a citizens (sic) right to due process, and right to equal treatment under the law."

As relief in all of these complaints, plaintiff seeks punitive damages, monetary compensation and vindication in some form.

In another case substantially similar to these, Civil Action No. 08-4646, filed at about the same time as the above-referenced eight (8) cases, Judge Lemelle dismissed plaintiff's claims "as frivolous and barred until the *Heck* conditions are met." C.A. No. 08-4646 "B"(2), Record Doc. No. 4 (Order and Reasons issued November 12, 2008). After issuance of Judge Lemelle's Order and Reasons, by letter filed December 29, 2008, plaintiff advised the court that he "understand[s] my claims against the defendants regarding my arrest, prosecution and imprisonment are barred by Heck vs Humphrey, 512 U.S. 477 (1994) . . . until such time as the plaintiff obtains a favorable disposition on the underlying criminal charges. Therefore, plaintiff, Lawrence F. Landor, wants to put court on notice that a[n] appeal was filed on his criminal charges . . . . I still would like the record to reflect that I was arrested and convicted from falsefied (sic) police reports and evidence, the victim of prejudice, racial profiling and a conspiracy between Detectives Sheriff deputies." Id., Record Doc. No. 7 (Plaintiff's Letter to the Court).

**ANALYSIS**

I.  STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis. 28 U.S.C. § 1915A(a); Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Such complaints by prisoners must be dismissed upon review if they are frivolous or fail to state a claim. 28 U.S.C. § 1915A(b)(1).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'" Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended). A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest

which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not." Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992). An in forma pauperis complaint which is legally frivolous, fails to state a claim or seeks monetary relief against a defendant who is immune from such relief may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2).

All eight (8) of plaintiff's complaints referenced above may be dismissed under 28 U.S.C. § 1915(e) as frivolous because they lack an arguable basis in law or under Rule 12(b)(6) because they fail to state a cognizable Section 1983 claim under the broadest reading at this time.[2] Like the first-filed of plaintiff's similar complaints already dismissed by Judge Lemelle, the eight (8) additional complaints addressed herein are barred by Heck. In addition, the habeas corpus aspects of plaintiff's claims must be dismissed without prejudice because plaintiff has brought the claims in the wrong proceeding and has not exhausted his state court remedies.

---

[2]Pro se civil rights complaints must be broadly construed, Moore, 30 F.3d at 620, and I have broadly construed the complaint in this case.

II.  SECTION 1983 CLAIMS

A.  HECK APPLICATION TO SECTION 1983 CLAIMS

Landor seeks damages as well as injunctive relief on his claims. In either case, his claims must be dismissed at this time. In Heck v. Humphrey, 512 U.S. 477, 477 (1994), the Supreme Court held that a civil action for alleged civil rights violations that attacks the validity of state confinement, which has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under Section 1983.

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (emphasis in original) (footnote omitted). Although the Supreme Court's decision in Heck concerned a civil action for monetary damages, the United States Court of Appeals for the Fifth Circuit has also applied Heck in cases in which the plaintiff seeks

injunctive relief. Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) (citing Edwards v. Balisok, 520 U.S. 641 (1997)).

Plaintiff's claims are clearly connected to the validity of his conviction and present confinement. Heck, 512 U.S. at 479; Hamilton v. Lyons, 74 F.3d 99, 103 (5th Cir. 1997); Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994). Among other things, he challenges the validity of the criminal charge against him and the actions of defendants in these matters in connection with those charges.

Landor's complaints indicate that he was convicted on April 24, 2007, and that, at the time of filing these complaints, he was in custody in the St. Tammany Parish Jail in Covington, Louisiana. Record Doc. No. 1, Complaint at p. 3, ¶ III. As Landor concedes, the conviction that he challenges in this case has not been set aside in any of the ways described in Heck. Thus, any claims for relief that he asserts, attacking the manner of his conviction and continued confinement related to that conviction, are premature and must be dismissed. As the Fifth Circuit has noted, the dismissal of plaintiff's Section 1983 claims is with prejudice to their being asserted again until the Heck conditions are met. Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

B.  CONFIDENTIAL INFORMANT IS NOT A STATE ACTOR

In Civil Action No, 08-4664, plaintiff names Sheriff Jack Strain and a confidential informant named Kevin Keys as the only defendants. To be successful under Section

6

1983, a plaintiff must establish that a defendant has acted under color of state law in violating his rights. Daniels v. Williams, 474 U.S. 327 (1986). To state a claim under Section 1983, a plaintiff must show "(1) deprivation of a right, privilege or immunity secured by the federal laws or Constitution (2) by one acting under color of state law." Mississippi Women's Med. Clinic v. McMillan, 866 F.2d 788, 791 (5th Cir. 1989) (emphasis added); accord Morris v. Dearborne, 181 F.3d 657, 666 n.6 (5th Cir. 1999). Thus, plaintiff must show that defendant's actions are "fairly attributable to the state." West v. Atkins, 487 U.S. 42, 49 (1988).

To whatever extent, if any, that Kevin Keys is a privately acting confidential informant, and not a sheriff's deputy, he cannot be considered a state actor as a matter of law. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Small v. Dallas County, 170 Fed. Appx. 943, 2006 WL 925500, at *1 (5th Cir. 2006) (citing Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996); Mills v. Criminal Dist. Ct. No. 3, 837 F.2d 677, 679 (5th Cir. 1988)). Thus, while plaintiff's claim against Keys is also barred by Heck and cannot proceed on that ground, Keys also is not a state actor, and plaintiff's Section 1983 claims against him have no basis in federal law and must be dismissed for failure to state a cognizable claim.

III.   HABEAS CORPUS CLAIMS

As noted above, Landor's complaints in part challenge the very fact and duration of his confinement in connection with his conviction. Although his complaints are styled as civil rights actions under 42 U.S.C. § 1983 and filed on forms normally reserved for Section 1983 complaints, he clearly challenges the validity of his conviction and seeks his release. This Section 1983 complaint is not the proper action in which to assert these habeas corpus claims.

A prisoner who challenges the very fact or duration of his physical confinement and who seeks judgment that would entitle him to release must pursue habeas corpus relief rather than civil rights relief under Section 1983. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Clarke v. Stalder, 121 F.3d 222, 226 (5th Cir.), reh'g en banc granted & opin. vacated, 133 F.3d 940 (5th Cir. 1997), rev'd in part on other grounds & opin. reinstated in relevant part, 154 F.3d 186, 187 (5th Cir. 1998) (en banc); Caldwell v. Line, 679 F.2d 494, 496 (5th Cir. 1982). Thus, although Landor filed his complaint on a form reserved for Section 1983 complaints, his claims invoke habeas corpus type relief because he challenges the fact of his conviction and confinement. Clarke, 121 F.3d at 226; Hernandez v. Spencer, 780 F.2d 504, 504 (5th Cir. 1986).

A fundamental prerequisite to federal habeas relief is the exhaustion of all claims in state court before requesting federal collateral relief. Whitehead v. Johnson, 157 F.3d

8

384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)); Nobles v. Johnson, 127 F.3d 409, 419 (5th Cir. 1997). "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." Whitehead, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); Rose, 455 U.S. at 519-20)).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." Id. (citing Picard v. Connor, 404 U.S. 270, 275-78 (1971)). "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement. . . . This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." Id. (citing Picard, 404 U.S. at 275-78; Nobles, 127 F.3d at 420). A court may notice sua sponte the lack of exhaustion. McGee v. Estelle, 722 F.2d 1206, 1214 (5th Cir. 1984) (en banc).

In the present case, Landor does not allege and there is no proof that he has exhausted his state court remedies in connection with his conviction and sentence. On the contrary, Landor indicates in his complaint that the only other lawsuit he has begun in state or federal court dealing with the same facts involved in this action is Docket No. 569662 which plaintiff states he filed on August 12, 2008 and is still pending in the East Baton Rouge Parish 19th Judicial District Court. Record Doc. No. 1, pp.1 and 2, ¶ I (A)

and (B). He also acknowledged in his letter to the court filed on December 29, 2008 in C.A. No. 08-4646-B(2) that an "appeal was filed on his criminal charges" and that he is awaiting the outcome. Furthermore, research by staff of the undersigned magistrate judge with the clerk's offices of the 19th Judicial District Court and the Louisiana Supreme Court confirms the following: (1) By Screening Judgment issued December 4, 2008, Landor's lawsuit, Docket No. 569662, filed August 13, 2008 in the East Baton Rouge Parish 19th Judicial District Court, was dismissed without prejudice and without service for lack of subject matter jurisdiction and, alternatively, for failure to state a cause of action and for filing in improper venue. (2) Landor has <u>not</u> sought review of his conviction in the Louisiana Supreme Court.

For the foregoing reasons, plaintiff's claims seeking habeas corpus relief must be dismissed without prejudice to require that he exhaust state court appellate and post-conviction remedies concerning his criminal conviction, before he may return to this court with a properly filed habeas corpus petition.

## **RECOMMENDATION**

For all of the foregoing reasons, **IT IS RECOMMENDED** that all eight (8) of plaintiff's complaints referenced above asserting claims pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE**, either as legally frivolous, for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2), or under <u>Heck</u>.

**IT IS FURTHER RECOMMENDED** that all habeas corpus claims asserted in all eight (8) of plaintiff's above-referenced Section 1983 complaints be **DISMISSED WITHOUT PREJUDICE** to Landor's ability to file a proper habeas corpus proceeding after exhaustion of state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this   30th   day of January, 2009.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE